FILED

NOV 1 5 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# CIVIL ACTION

BARBARA J. WALKER,                          )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )     Civil Action No. _____
                                            )
PHARMACEUTICAL RESEARCH                     )
MANUFACTURERS OF AMERICA,                   )
     a Delaware Corporation                 )
          1100 15th Street, NW              )
          Washington, DC 20036,             )
Serve:                                      )  CASE NUMBER  1:04CV01991
          The Corporation Trust Company
          The Corporation Trust Center         JUDGE: Ricardo M. Urbina
          1209 Orange Street
          Wilmington, DE 19801                 DECK TYPE: Labor/ERISA (non-employment)

                                               DATE STAMP: 11/15/2004
and

PHARMACEUTICAL RESEARCH                     )
MANUFACTURERS OF AMERICA                    )
RETIREMENT PLAN                             )
          c/o Retirement Committee          )
          Pharmaceutical Research and       )
          Manufacturers of America          )
          1100 15th Street, NW              )
          Washington, DC 20005              )
                                            )
and                                         )
                                            )
PHARMACEUTICAL RESEARCH                     )
MANUFACTURERS OF AMERICA                    )
DEFERRED SAVINGS PLAN                       )
          c/o Retirement Committee          )
          Pharmaceutical Research and       )
          Manufacturers of America          )
          1100 15th Street, NW              )
          Washington, DC 20004              )
                                            )
and                                         )

1

PHARMACEUTICAL RESEARCH                    )
MANUFACTURERS OF AMERICA                    )
RETIREMENT COMMITTEE                        )
      c/o Accounting Department          )
      Pharmaceutical Research and        )
        Manufacturers of America        )
      1100 15th Street, NW          )
      Washington, D.C.  20005            )
                                         )
and                                         )
Members of the Board of Directors of        )
Pharmaceutical Research and                 )
Manufacturers of America:                   )
                                         )
Miles D. White                              )
c/o Abbott Laboratories                     )
100 Abbott Park Road                        )
Abbott Park, IL 60064,                      )
      Director,                          )
                                         )
Robert Essner                               )
c/o Wyeth                                   )
Five Giralda Farms                          )
Madison, NJ 07940                           )
      Director,                          )
                                         )
Ginger L. Graham                            )
c/o Amylin Pharmaceuticals, Inc.            )
9360 Towne Center Drive                     )
Suite 110                                   )
San Diego, California 92121                 )
      Director,                          )
                                         )
Robert A. Ingram                            )
c/o GlaxoSmithKline                         )
Five Moore Drive                            )
Research Triangle Park, NC 27705            )
      Director,                          )
                                         )
Mark J. Levin                               )
c/o Millenium Pharmaceuticals               )
75 Sydney Street                            )

2

Cambridge, MA  02139                                )
      Director,                                     )
                                                        )
Timothy J. Barberich                           )
c/o Sepracor Inc.                                  )
84 Waterford Drive                              )
Marlborough, MA 01752                      )
      Director,                                     )
                                                        )
David E.I. Pyott                                    )
c/o Allergan Inc.                                  )
2525 Dupont Drive                              )
Irvine, CA 92612                                 )
      Director,                                     )
                                                        )
Karen Katen                                        )
c/o Pfizer Global Pharmaceuticals      )
   Group                                            )
235 East 42nd Street                            )
New York, NY 10017                           )
      Director,                                     )

Michael Novinski                                 )
c/o Organon USA, Inc.                        )
56 Livingston Avenue                          )
Roseland, NJ 07068                            )
      Director,                                     )
                                                        )
Raymond Gilmartin                            )
c/o Merck & Co., Inc.                          )
One Merck Drive                                 )
P.O. Box 100                                       )
Whitehouse Station, NJ 08889           )
      Director,                                     )
                                                        )
Fred Hassan                                        )
c/o Schering-Plough Corporation       )
2000 Galloping Hill Road                    )
Kenilworth, NJ   07033                        )
      Director,                                     )
                                                        )
Sidney Taurel                                      )
c/o Eli Lilly & Company                      )

3

**Lilly Corporate Center**      )
**Indianapolis, IN 46285**      )
      **Director,**              )
                            )
      **Defendants.**            )
_____ )

# COMPLAINT

## FOR DECLARATORY, INJUNCTIVE, EQUITABLE, STATUTORY AND GENERAL RELIEF

### Introduction

1. This is an action brought on behalf of Barbara J. Walker, who was employed by Pharmaceutical Research and Manufacturers of America and was wrongfully denied employee pension and welfare benefits because she was erroneously classified as an independent contractor.

### Jurisdiction

2. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, as Plaintiff's case arises under Federal Law, specifically the Employee Retirement Income Security Act ("ERISA"), 26 U.S.C. §§ 1001, *et seq.,* and the Internal Revenue Code, 26 U.S.C. §§ 401, 410, 414, 423, and 26 C.F.R. §§ 1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, and 31.3401(c)-1.

### Venue

3. Venue is appropriate in this District pursuant to 28 U.S.C. §1391 and 26 U.S.C. §1132(e)(2), as the defendant, Pharmaceutical Research and Manufacturers of America

4

("PhRMA"), resides in this Judicial District, with its principal place of business being located at 1100 15th Street, N.W., Washington, DC 20005 ; in addition, Plaintiff believes and alleges that the PhRMA employee pension and welfare benefit plans at issue are administered by the PhRMA Retirement Committee in the Washington, DC officer of PhRMA, and, accordingly, a substantial part of the conduct giving rise to this Complaint occurred in this Judicial District.

### The Parties

4. Plaintiff, Barbara J. Walker, is a natural person, over the full age of majority, currently domiciled and residing in the Commonwealth of Virginia.

5. Defendant Pharmaceutical Research and Manufacturers of America is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located within the District of Columbia, at 1100 15th Street, N.W., Washington, D.C. 20005, which has, upon information and belief, adopted the Pension Plan and other employee benefit plans of PhRMA., with PhRMA's full approval and consent,

6. PhRMA's members are many of the country's research-based pharmaceutical and biotechnology companies involved in the development and manufacture of medicines sold at wholesale and generally by prescription at retail to the consuming public.

7. On information and belief, PhRMA represents the manufacturers of approximately 75% of the brand name prescription drugs sold in America.

8. PhRMA serves as a policy advocate for its members by representing its members' interests in matters before Congress, the Executive Branch, state regulatory agencies and legislatures, and the courts.

9. In order to carry out its mission, PhRMA employs employees in both its

5

Washington, D.C. office and elsewhere and is an Employer within the meaning of that term as it is defined in ERISA.

10.     The Pharmaceutical Research and Manufacturers of America Retirement Plan is an employee pension plan, as defined by ERISA, 29 U.S.C. §1002(2), sponsored by PhRMA for the benefit of its employees     ;

11.     The Pharmaceutical Research and Manufacturers of America Deferred Savings Plan, which, upon information and belief, is an employee pension plan, as defined by ERISA, 29 U.S.C. § 1002(2), sponsored by PhRMA for the benefit of its employees and those of its affiliates and subsidiaries;

12.     The Retirement Committee of the Board of Directors of Pharmaceutical Research and Manufacturers of America at all times pertinent and material hereto, served as the Plan Administrator for the various PhRMA pension and welfare benefit plans including the Retirement Plan and the Deferred Savings Plan named above, and a fiduciary under ERISA, 29 U.S.C. §1002(21)(A);

12.     Miles White is the Chairman of the Board of Directors of PhRMA, and a fiduciary under ERISA, 29 U.S.C.   §  b1002(21)(A) and 29 C.F.R. §2509.75-8;

13.     All of the other individually named defendants serve as a Director of PhRMA, Inc., and are fiduciaries under ERISA, 29 U.S.C. §  1002(21)(A) and 29 C.F.R. §  2509.75-8;

14. The acts and omissions alleged in this Petition to have been committed and/or omitted by Defendants were authorized, ordered, committed and/or omitted by officers, directors, agents, employees, fiduciaries, administrators, trustees, representatives, co-conspirators, parent entities, affiliates, and/or subsidiaries of PhRMA, while actively engaged in the administration,

6

management, direction or control of its affairs, including the above-named employee welfare benefit and/or pension plans.

## Factual Background

15bb.   As set forth more fully below, the Plaintiff was hired by Defendant PhRMA as a full-time employee, and performed full-time duties for Defendant PhRMA continuously or with minor interruptions until 2003 when she was constructively discharged.

16..  Upon being employed by Defendant PhRMA, the Plaintiff was entitled, either immediately or with the passage of time, to participate in employee welfare benefit plans and/or employee pension plans sponsored by PhRMA.

17.      Plaintiff became a part-time employee of PhRMA on or about May 1988 and continued to perform services for PhRMA until on or about June 2003.  In each month between May 1988 and June 2003, Plaintiff performed at least one hour of services for PhRMA for which she was entitled to be paid and for which she was entitled to accrue pension benefit credit.

18. Plaintiff was supervised, instructed, and directed in her day-to-day employment by Defendant PhRMA.

19. Plaintiff was provided with office space, equipment, and/or other tools by Defendant PhRMA.

20. Plaintiff was generally paid according to time worked, rather than by the job.

21. Plaintiff was performing work that was part of Defendant PhRMA's ordinary business.

22. Based upon her classification as an independent contractor after May 1988, Plaintiff was denied pension and welfare benefits, including, but not limited to: participation in the PMA

7

and later the PhRMA Retirement Plan, The PhRMA Employee Thrift Plan, and other benefits ordinarily provided to part time and full time employees of PhRMA.

23. Plaintiff believes and alleges that Defendants' actions to remove her from the PhRMA payroll were taken for the sole or predominant or partial purpose of interfering with Plaintiff's attainment of rights to which she may have become entitled under the terms of the employee welfare benefit plans and pension plans, in direct violation of 29 U.S.C. § 1140 and other applicable laws; Plaintiff further believes and alleges that the Defendants breached their fiduciary duties to Plaintiff by failing to act properly in interpreting the Plans to determine whether employees were properly classified under the terms of the Plan(s), (which, upon information and belief, specifically incorporated Internal Revenue Code Section 414(n) with respect to the definition of leased employees), and by failing to examine whether workers classified as independent contractors, temps or leased employees were, in fact, eligible employees entitled to participate in the Plans; Plaintiff brings this action in order to recover the benefits wrongly denied to her, and to challenge the Defendants' business practice of using "independent contractors" as a subterfuge to avoid payment of employment benefits.

**BARBARA J. WALKER**

24.. Plaintiff, Barbara J. Walker, was in employed by PhRMA on or around December 12, 1977 as an attorney in the Office of General Counsel.

25. As an employee of PhRMA, Ms. Walker was and would become entitled to receive employee benefits.

26. Approximately eleven years later, Ms. Walker desired to become a part time employee of PhRMA but was informed that Gerald Mossinghoff, then the president of PhRMA,

8

did not believe in employing part time professionals at PhRMA.

27.    Ms. Walker's supervisor, the General Counsel of PhRMA, desired to continue Ms. Walker's employment by PhRMA and arranged for Ms. Walker to work part-time under a series of contracts that provided that she would be paid by the hour for her work for PhRMA.

28. .From on or about May 1988 until approximately June 2003, Ms. Walker worked as an attorney for PhRMA, in its Washington, DC office and elsewhere, using PhRMA equipment and supplies, under the direction and supervision of PhRMA personnel.

29.    During the period from May 1988 through June 2003, Ms. Walker also performed work for PhRMA as an attorney in an office in her home in Alexandria, Virginia using supplies and equipment that included item purchased by PhRMA.

30.    During the time that Ms. Walker worked for PhRMA on a part-time basis, she never met with, saw, spoke to, or corresponded with anyone who directed her work in connection with PhRMA business other than the General Counsel and other officers, directors, employees and agents of PhRMA, nor was she supervised or directed by anyone other than PhRMA on a day-to-day basis with respect to her work for PhRMA.

30. From time to time (generally monthly), Ms. Walker would submit timesheets and a monthly invoice to her supervisor at PhRMA. The invoice included a timesheet showing hours worked on a daily or weekly basis. All timesheets were approved by PhRMA and paychecks were issued by delivered by PhRMA.

employees.

31.  Defendants furnished Ms. Walker with an office, a desk, chairs, a computer, a telephone, and all other supplies and resources needed to complete work assignments as before.

32.     In addition, Defendant PhRMA furnished Ms. Walker with computer equipment and furniture for her home office and dispatched a PhRMA employee to set it up.

33.     Ms. Walker attended PhRMA classes, seminars, and workshops; in the same manner as she had prior to assuming her part-time schedule.

34.     All of Ms. Walker's work assignments for PhRMA were given by PhRMA personnel while she worked part-time.

35.     Ms. Walker's timesheets were approved by PhRMA personnel

36.     Ms. Walker's paychecks were paid by PhRMA..

39. Over the period from May 1988 to June 2003, Ms. Walker accumulated approximately 170 months of service for PhRMA as months of service are defined in the Retirement Plan which should be credited to her retirement plan benefits service calculation.

40. Ms. Walker was, at all times, the common law employee of PhRMA, and, but for her erroneous re-classification by Defendants as an independent contractor, would have been and should have been entitled to employee benefits under PhRMA's Plans.

41. In addition, due to her classification by Defendants as an independent contractor, Ms. Walker was not provided with complete information about, nor access to, PhRMA's Plans.

42. Ms. Walker did not have any reason to question the lawfulness of PhRMA's practices in this regard until she was informed by an attorney on or about November 15, 2001 that she had been erroneously classified as an independent contractor and was probably entitled to pension benefits for the period of her part-time service to PhRMA.

43.. On November 15, 2001, an attorney acting on behalf of Barbara J. Walker wrote PhRMA and requested an accounting of the employment benefits to which she may be entitled and

10

also requested a copy of the PhRMA Retirement Plan.

44.. PhRMA responded that Ms. Walker was not entitled to any benefits beyond those earned while she was a full-time employee of PhRMA because she was no longer employed by PhRMA.

45.    Ms. Walker appealed the determination but she again was denied benefits and told that she had a right to appear with a representative personally before the Retirement Committee.

### Tolling of the Statute of Limitations

.46.    Defendants' fiduciary duties to Plaintiff under ERISA impose a continuing duty to provide information and access to PhRMA's employee benefits programs; Defendants' failure to do so is in the nature of a continuous breach, which renews the running of any and all applicable statutes from day to day.

47. In addition, and in the alternative, Defendants have concealed the illegal nature of its actions, which tolls the applicable statutes of limitations under accepted principles of equitable estoppel.

48.  In addition, and in the alternative, Plaintiff believes and asserts that Defendants fraudulently concealed from Plaintiff her true status as an employee of PhRMA entitled to employee benefits including pension benefit accrual and that accordingly the statute of limitations under ERISA is six years rather than three years.

49.    In addition and in the alternative, Plaintiff believes and asserts that the statute of limitations runs from Defendants' clear and unquivocal repudiation of rights under the pension plan which has been made known to her.

50.    In addition and alternatively, Plaintiff believes and assets that employment that

11

results in benefits payable under pension benefits plans is similar to an installment contract, and, accordingly, every periodic payment that is less than the amount due Plaintiffs constitutes a continuing breach of contact, and the limitation period runs from the due date of each payment.

### Declaratory Relief

51.    Plaintiff re-alleges the factual allegations in Paragraphs 1- 50,  as if separately set forth herein.

52.. There is an actual case and controversy between Plaintiff and Defendants.

53. Pursuant to 28 U.S.C. §2201, Plaintiff is entitled to a Judgment declaring that she was, and/or is, in fact, an employee  of PhRMA, under ERISA, 26 U.S.C. §§  1001, et seq., the Internal Revenue Code, 26 U.S.C. §§  401, 410, 414, 423, 26 C.F.R. §§  1.410(b), 31.3121(d)-1,31.3121(d)-2, 31.3306(i)-1, 31.3401(c)-1, and well-established principles of employment and agency law.

54. In addition, Plaintiff is entitled to a Judgment declaring that she was and is entitled to participate in and accrue benefits in and earn employer contributions to PhRMA's Retirement Plan and/or Employee Thrift Plan on her behalf  from May 1988 through the end of her employment in June 2003.

55. In addition, Plaintiff respectfully prays for any and all further relief which may be appropriate under 28 U.S.C. §2202.

### Injunctive and Other Equitable Relief

56. Plaintiff re-alleges the factual allegations of Paragraphs 1- 55, as if they were separately set forth herein.

57. At all times material to the facts alleged in this Complaint, Plaintiff was,  in fact, an

12

employee of PhRMA, according to ERISA, 26 U.S.C. §§ 1001, *et seq.,* the Internal Revenue Code, 26 U.S.C. §§ 401, 410, 414, 423, 26 C.F.R. §§ 1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, 31.3401(c)-1, and well-established principles of employment and agency law.

58. Plaintiff is therefore entitled to participate in PhRMA's Retirement Plan and/or Deferred Savings Plan.

59. The Defendants' denial(s) of such benefits are unlawful, and have adversely impacted the Plaintiff and, on information and belief, others in similar circumstances, thereby making appropriate final injunctive relief with respect to Plaintiff.

60. Plaintiff, accordingly, prays for a permanent injunction prohibiting PhRMA from denying benefits to any and all persons who were and/or are, in fact, employees of PhRMA, according to ERISA, 26 U.S.C. §§ 1001, *et seq.,* the Internal Revenue Code, 26 U.S.C. §§ 401, 410, 414, 423, 26 C.F.R. §§ 1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, 31.3401(c)-1, and well as established principles of employment and agency law.

61. In addition, Plaintiff is entitled to associated equitable relief.

### Breach of Obligations Under ERISA

62. Plaintiffs re-allege the factual allegations of Paragraphs 1- 61,b  as if separately set forth herein..

63. Defendant PhRMA., and its Board of Directors, have the responsibility, under the PhRMA Retirement Plan, and, upon information and belief, under the other PhRMA Plans, to: (1) approve the Plan(s), and all amendments thereto, (2) appoint and retain named fiduciaries; (3) periodically review the performance and condition of the Plan(s); and, (4) pay any and all retirement income to participants and beneficiaries who are entitled to payment under the terms of

13

the Plans and ERISA.

64. Defendants, accordingly, have a fiduciary duty to act solely in the interests of the Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries. 29 U.S.C. §§ 1002(21)(A), 1104(a)(1)(A), and 1104(a)(1)(D).

65. To the extent that Defendant PhRMA. and its Board of Directors have delegated fiduciary and administrative duties to Defendant Retirement Committee and/or other persons, committees, subsidiaries, affiliates, or employees, Defendants PhRMA and its Board of Directors retain fiduciary responsibility to the Plans and to the participants and beneficiaries, since they are responsible for the selection and retention of plan fiduciaries, thereby exercising discretionary authority or discretionary control with respect to the management of such Plans, within the meaning of 29 U.S.C. §1002(21)(A) and 29 C.F.R. §2509.75-8, Q-D4.

66. In addition, Defendant PhRMA. and its Board of Directors have an ongoing responsibility, at reasonable intervals, to review the performance of the Plan Administrator in such manner as may be reasonably expected to insure that her performance has been in compliance with applicable statutory requirements and the terms of the Plan(s). 29 U.S.C. ' 1002(21)(A) and 29 C.F.R. § 2509.75-8, FR-17.

67. Defendant Retirement Committee has, at all times pertinent and material hereto, been designated as the Plan Administrator, within the meaning of ERISA §3(16)(A), and is therefore a fiduciary, pursuant to 29 U.S.C. §1002(21)(A).

68. Defendants, as fiduciaries, have a duty, under 29 U.S.C. §1104(a)(1)(D), to communicate complete and accurate information regarding the rights and interests of participants and beneficiaries, including a specific duty to provide information about available employment

14

benefits to all employees, pursuant to ERISA §§ 101(a), 102(a)(1), 104(b)(1), 104(b)(3), and 105(c).

69. Defendants, as fiduciaries, have a duty to insure that the Plans receive all funds to which they are entitled, so that the funds can be used on behalf of participants and beneficiaries; this fiduciary duty is separate and distinct from the duty of the Plan Administrator to provide benefits to participants and beneficiaries.

70. In addition, Defendants are prohibited from interfering with Plaintiff's ability to exercise her rights to employment benefits, pursuant to 29 U.S.C. §1140.

71. Defendants, however, failed to deliver plan documents and other material information to Plaintiff, and, by erroneously classifying her as an independent contractor not only interfered with Plaintiff's ability to exercise her rights to employment benefits but also acted in the interests of PhRMA and themselves rather than the interests of plan participants and beneficiaries, and, in so doing, breached their fiduciary and other legal duties and obligations to its employee pension and welfare benefit plans, plan participants, and plan beneficiaries.

72. Specifically, Defendants PhRMA, its Board of Directors, and its Plan Administrator, its Retirement Committee, have violated ERISA §§ 404(a)(1)(A) and 404(a)(1)(D) by failing to:

　　　　a. Identify all employees who were eligible to participate in the PhRMA Plans;

　　　　b. Ensure that all eligible employees were included as participants in the Plans;

　　　　c. Examine whether workers who were classified as independent

15

contractors were eligible for participation in the Plans and so inform those who were eligible of their eligibility;

       d. Provide to workers who were mis-classified as independent contractors, temps, or leased employees documents and information required by the terms of the Plans; and/or,

       e. Provide to workers who were mis-classified as independent contractors, temps, or leased employees documents and information required by ERISA §§ 101(a), 102(a)(1), 104(b)(1), 104(b)(3), and 105(c).

       73. The Defendants' erroneous classification of Plaintiff as an independent contractor continued to interfere with the Plaintiff's attainment of employment benefits throughout her employment with PhRMA from when she became a part time employee in May 1988, until Plaintiff was constructively discharged in or about June 2003.

       74. In addition, it is believed and alleged that Defendants, at some point within the past ten years, realized that the Plans did not exclude common law employees of PhRMA who had been mis-classified as independent contractors, and therefore amended the Plan(s) and/or summary descriptions or associated documents to recognize such eligibility but did not provide such documents timely to Plaintiff in an attempt to further interfere with Plaintiff's ability to exercise her rights to employment benefits, in violation of 29 U.S.C. §1140; it is believed and alleged that Defendants did not provide Plaintiffs with such plan documents or otherwise notify them of these changes to the eligibility requirements.

       75. Plaintiff is therefore entitled to declaratory, injunctive, equitable, statutory, and other general relief, including the recovery of all benefits and accrued eligibility time to which she is

16

entitled, as well as an award of litigation costs and reasonable attorney's fees, pursuant to 29
U.S.C. §§ 1109, 1132(a)(1)(B), 1132(a)(3), 1132(c), and 1132(g).

### Abuse of Right (and Estoppel)

76.    Plaintiffs re-allege the factual allegations of 1- 75, as if they were separately set
forth herein.

77. To the extent that PhRMA's employment contracts with Plaintiff, (either directly
and/or indirectly), purport to classify Plaintiff as an independent contractors, temp, a leased
employee, and/or otherwise disavow the obligation on the part of Defendants to provide employee
benefits, such contracts or provisions are void as against public policy. ERISA 26 U.S.C. §§1001,
*et seq.;* Internal Revenue Code, 26 U.S.C. §§ 401, 410, 414, 423,
and 26 C.F.R. §§ 1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, and 31 3401(c)-1.

78. Defendant has, in this respect, abused the employment relationship between itself and
Plaintiff, and is therefore liable to Plaintiff for the reasonable value of the employment benefits
that were wrongfully withheld.

79.    Defendant, has, in this respect, abused the employment relationship between itself
and Plaintiff, and is therefore liable to Plaintiff for the reasonable value of the employment benefits
owed to Plaintiff in the future.

### Breach of Contract

80.    Plaintiff realleges and incorporates paragraphs 1-19, as if separately set forth herein.

81.    Plaintiff had one or more employment contracts with Defendant PhRMA that
included as part of the consideration the duty of PhRMA to provide Plaintiff with employee
benefits commensurate with her status as an employee pursuant to the PhRMA employee

17

handbook and the various laws of the United States and the District of Columbia applicable to the employment relationship.

82.    The employment contract included a duty of good faith and fair dealing.

83.    Defendant PhRMA concealed from Plaintiff its duty and obligation to provide her with benefits in accordance with her true status as a common law employee during the time when she was working for PhRMA as a part-time attorney.

84.    Defendant PhRMA breached its obligations to Plaintiff as her employer.

85.    Plaintiff suffered and will suffer monetary and other damages in an amount to be proven at trial, but which are not less than $1,000,000, including loss of benefits, emotional distress, pain and suffering.

### Jury Demand

86. Plaintiff requests a trial by jury on any and all issues that may be triable by jury.

### Prayer for Relief

**WHEREFORE**, Plaintiff Barbara J. Walker respectfully prays that this Complaint be deemed good and sufficient, and that, after due proceedings be had,, there be Judgment herein in favor of Plaintiff, Barbara J. Walker, and against Defendants, PhRMA, The PhRMA Retirement Plan, The Deferred Savings Plan of PhRMA, and the other defendants: (i) declaring that Plaintiff, Barbara J. Walker, in fact, was an employee of PhRMA during the time period from May 1988 to June 2003; (ii) issuing a final and permanent injunction prohibiting Defendant from denying employment benefits to persons such as Plaintiff who were and are, in fact, employees, according to ERISA, the Internal Revenue Code, and established principles of employment and agency law; (iii) any and all equitable relief to which Plaintiff may be entitled; (iv) employment benefits, (v)

18

reasonable damages; (vi) statutory penalties, (vii) legal interest; (viii) the costs of these

proceedings; (ix) reasonable attorney's fees and expenses of litigation; and, (x) any and all other

general, legal, or equitable relief which may be appropriate under the circumstances.

Respectfully submitted,

**PAMELA B. STUART**
DC Bar no. 220-236
1750 N Street, NW
Washington, DC 20036-2907
Telephone: 202-835-2200
Fax:     202-835-2202
Email: pamstuart@aol.com

**Attorney for Plaintiff,**
**Barbara J. Walker**

b

19