## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL ACTION

| | |
|---|---|
| BARBARA J. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  1:04CV01991 |
| ) | Judge:  Ricardo M. Urbina |
| PHARMACEUTICAL RESEARCH AND ) | |
| MANUFACTURERS OF AMERICA, ) | |
| 1100 15th Street, N.W. ) | |
| Washington, DC 20036 ) | |
| ) | |
| and ) | |
| ) | |
| PHARMACEUTICAL RESEARCH AND ) | |
| MANUFACTURERS OF AMERICA ) | |
| RETIREMENT PLAN ) | |
| 1100 15th Street, N.W. ) | |
| Washington, DC 20036 ) | |
| ) | |
| and ) | |
| ) | |
| PHARMACEUTICAL RESEARCH AND ) | |
| MANUFACTURERS OF AMERICA ) | |
| DEFERRED SAVINGS PLAN ) | |
| 1100 15th Street, N.W. ) | |
| Washington, DC 20036 ) | |
| ) | |
| and ) | |
| ) | |
| PHARMACEUTICAL RESEARCH AND ) | |
| MANUFACTURERS OF AMERICA ) | |
| RETIREMENT COMMITTEE ) | |
| 1100 15th Street, N.W. ) | |
| Washington, DC 20036 ) | |
| ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PHARMA DEFENDANTS' ANSWER TO
## PLAINTIFF BARBARA J. WALKER'S COMPLAINT

Defendants Pharmaceutical Research and Manufacturers of America ("PhRMA"),

Pharmaceutical Research and Manufacturers of America Retirement Plan ("Retirement Plan"),

Pharmaceutical Research and Manufacturers of America Deferred Savings Plan ("Deferred

Savings Plan"), and Pharmaceutical Research and Manufacturers of America Retirement

Committee ("Retirement Committee"), in answer to Plaintiff's Complaint, state as follows:

### AS TO INTRODUCTION

1.      Defendants admit that PhRMA employed Plaintiff between December

1977 and May 1988.  Defendants deny the remaining allegations in Paragraph 1.

### AS TO JURISDICTION

2.      Defendants admit that this Court has jurisdiction over this case under the

Employee Retirement Income Security Act of 1974 ("ERISA").  Defendants deny the remaining

allegations in Paragraph 2.

### AS TO VENUE

3.      Defendants admit that venue is appropriate in this District because

PhRMA's principal place of business is located in Washington, DC.

### AS TO PARTIES

4.      Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 4, except that Defendants admit that Barbara

Walker is a natural person over the full age of majority.

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

7.     Defendants admit the allegations in Paragraph 7.

8.     Defendants admit the allegations in Paragraph 8.

9.     Defendants admit the allegations in Paragraph 9.

10.     Defendants admit that the Retirement Plan is an employee pension plan as defined by ERISA, 29 U.S.C. § 1002(2).  Defendants further admit that the Retirement Plan is sponsored by PhRMA for the benefit of persons regularly employed by PhRMA on a salaried basis and otherwise meeting the Retirement Plan's eligibility requirements.  Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants admit that the Deferred Savings Plan is an employee pension plan as defined by ERISA, 29 U.S.C. § 1002(2).  Defendants further admit that the Deferred Savings Plan is sponsored by PhRMA for the benefit of persons regularly employed by PhRMA on a salaried basis and otherwise meeting the Deferred Savings Plan's eligibility requirements. Defendants deny the remaining allegations in Paragraph 11.

12.     Plaintiff's Complaint contains two paragraphs numbered 12.  With regard to the first Paragraph 12, Defendants admit that the Retirement Committee is the Plan Administrator for the Retirement and Deferred Savings Plans.  Plaintiff's allegation that the Retirement Committee is a fiduciary is a legal conclusion to which no response is required; however, to the extent a response is required Defendants state that the statutory provision referenced in the first Paragraph 12 speaks for itself.  With regard to the second Paragraph 12, Defendants deny that Miles White is Chairman of the PhRMA Board of Directors and deny that Miles White is a fiduciary under ERISA of the Retirement and Deferred Savings plans. Defendants further deny all remaining allegations in both paragraphs numbered 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants deny the allegations in Paragraph 14.

## AS TO FACTUAL BACKGROUND

15.     Defendants admit that Plaintiff was initially hired by PhRMA in December 1977 as a full-time employee, and that Plaintiff was employed full-time by PhRMA between December 1977 and May 1988.  Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants admit that Plaintiff was entitled, either immediately or with the passage of time, to participate in the Retirement Plan and the Deferred Savings Plans so long as Plaintiff was eligible under the terms of those Plans.  Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that Plaintiff was supervised, instructed, and directed in her day-to-day employment by PhRMA during the period of Plaintiff's employment between December 1977 and May 1988.  Defendants deny the remaining allegations in Paragraph 18.

19.     Defendants admit that Plaintiff was provided with office space, equipment, and/or other tools by PhRMA during the period of Plaintiff's employment between December 1977 and May 1988.  Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants admit that Plaintiff was generally paid according to time worked, rather than by the job, during the period of Plaintiff's employment with PhRMA between December 1977 and May 1988.  Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit that during the period of Plaintiff's employment between December 1977 and May 1988, Plaintiff performed work that was part of PhRMA's ordinary business.  Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants admit that Plaintiff was ineligible to further accrue benefits under the Retirement and Deferred Savings Plans following the termination of Plaintiff's employment in May 1988 because these plans limit eligibility to persons regularly employed by PhRMA on a salaried basis and otherwise eligible under the terms of the Plans.  Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

### AS TO BARBARA J. WALKER

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants admit that Plaintiff was entitled to accrue benefits under the Retirement Plan and the Deferred Savings Plan so long as she was regularly employed by PhRMA on a salaried basis and otherwise eligible under the terms of the Plans.  Defendants otherwise deny the allegations in Paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendants admit that Plaintiff ceased working as a PhRMA employee in May 1988, but continued to provide some legal services to PhRMA until June 2002 under a series of independent contractor agreements.  Defendants otherwise deny the allegations in Paragraph 27.

28.     Defendants admit that Plaintiff provided some legal services to PhRMA between May 1988 and June 2002 under a series of independent contractor agreements. Defendants otherwise deny the allegations in Paragraph 28.

29.     Defendants admit that Plaintiff provided some legal services to PhRMA between May 1988 and June 2002 under a series of independent contractor agreements. Defendants otherwise deny the allegations in Paragraph 29.

30.     Plaintiff's complaint contains two paragraphs numbered 30.  Defendants deny the allegations in the first Paragraph 30.  With regard to the second Paragraph 30, Defendants admit that the independent contractor agreements governing the relationship between Plaintiff and PhRMA between May 1988 and June 2002 provided that Plaintiff would submit monthly invoices billing for legal services rendered to PhRMA.  Defendants otherwise deny the allegations in the second Paragraph 30.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33 to the extent that Plaintiff alleges that she was a PhRMA employee after May 1988.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34 to the extent that Plaintiff alleges that she was a PhRMA employee after May 1988.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36 to the extent that Plaintiff alleges that she received paychecks from PhRMA or was otherwise on PhRMA's payroll after May 1988.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36.

37.     Plaintiff's Complaint does not contain a Paragraph 37.

38.     Plaintiff's Complaint does not contain a Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Paragraph 40 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.  Answering further, Defendants state that, to the extent Plaintiff now questions her entitlement to pension benefits subsequent to May 1988, she had reason to do so on March 24, 1988 when she entered into an agreement providing that she would perform services as an independent contractor and would not be entitled to pension benefits.

43.     Defendants admit that an attorney acting on behalf of Plaintiff contacted PhRMA on November 15, 2001.  Defendants otherwise deny the allegations in Paragraph 43.

44.     Defendants admit that Plaintiff is not entitled to benefits beyond those accrued prior to May 1988.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Defendants admit that the Retirement Committee denied Plaintiff's initial claim for benefits under the Retirement and Deferred Savings Plans for the period after her employment terminated in May 1988, and admit that the Retirement Committee further denied Plaintiff's subsequent appeals from these initial claim denials. Defendants otherwise deny the allegations in Paragraph 45.

## AS TO TOLLING OF THE STATUTE OF LIMITATIONS

46.     Paragraph 46 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 46.

47.     Paragraph 47 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 47.

48.     Paragraph 48 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 48.

49.     Paragraph 49 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 49. Answering further, Defendants state that a clear and unequivocal repudiation of Plaintiff's entitlement to pension benefits subsequent to May 1988 was communicated to Plaintiff on March 24, 1988 in an agreement stating that she would not be entitled to pension benefits.

50.     Paragraph 50 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 50.

## AS TO DECLARATORY RELIEF

51.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 50 of Plaintiff's Complaint, as if fully set forth herein.

52.     Paragraph 52 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants admit that Plaintiff has filed suit against the Defendants, but otherwise deny the allegations in Paragraph 52.

53.     Paragraph 53 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 53 and specifically deny that Plaintiff is entitled to any relief whatsoever.

54.     Paragraph 54 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 54 and specifically deny that Plaintiff is entitled to any relief whatsoever.

55.     Defendants deny the allegations in Paragraph 55, and specifically deny that Plaintiff is entitled to any relief whatsoever.

## AS TO INJUNCTIVE AND OTHER EQUITABLE RELIEF

56.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 55 of Plaintiff's Complaint, as if fully set forth herein.

57.     Paragraph 57 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants admit that Plaintiff was a PhRMA employee between December 1977 and May 1988, but otherwise deny the allegations in Paragraph 57.

58.     Defendants admit that Plaintiff was entitled to accrue benefits under the Retirement Plan and the Deferred Savings Plan during the period between December 1977 and May 1988 when Plaintiff was regularly employed by PhRMA on a salaried basis and was otherwise eligible under the terms of the Plans.  Defendants otherwise deny the allegations in Paragraph 58.

59.     Paragraph 59 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 59 and specifically deny that Plaintiff is entitled to any relief whatsoever.

60.     Defendants deny the allegations in Paragraph 60, and specifically deny that Plaintiff is entitled to any relief whatsoever.

61.     Defendants deny the allegations in Paragraph 61, and specifically deny that Plaintiff is entitled to any relief whatsoever.

## AS TO BREACH OF OBLIGATIONS UNDER ERISA

62.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 61 of Plaintiff's Complaint, as if fully set forth herein.

63.     Defendants admit that PhRMA is responsible for approving the Retirement Plan, the Deferred Savings Plan, and all amendments thereto.  Defendants otherwise deny the allegations in Paragraph 63.

64.     Paragraph 64 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 64.

65.     Paragraph 65 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 65.

66.     Paragraph 66 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 66.

67.     Defendants admit the allegations in Paragraph 67 to the extent that Plaintiff alleges that the Retirement Committee is the Plan Administrator for the Retirement Plan and the Deferred Savings Plan.  Plaintiff's allegation that the Retirement Committee is a fiduciary is a legal conclusion to which no response is required; however, to the extent a

response is required Defendants state that the statutory provisions referenced in Paragraph 67 speak for themselves.  Defendants otherwise deny the allegations in Paragraph 67.

68.     Paragraph 68 contains legal conclusions to which no response is required; however, to the extent a response is required Defendants state that the statutory provisions referenced in Paragraph 68 speak for themselves.

69.     Paragraph 69 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 69.

70.     Paragraph 70 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants state that the statutory provisions referenced in Paragraph 70 speak for themselves.

71.     Defendants deny the allegations in Paragraph 71.  In addition, to the extent that Paragraph 71 alleges that Defendants violated their fiduciary and other legal duties, this Paragraph contains a legal conclusion to which no response is required; however, the extent a response is required Defendants reiterate that they deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.  In addition, to the extent that Paragraph 72 alleges that Defendants violated ERISA, this Paragraph contains a legal conclusion to which no response is required; however, the extent a response is required Defendants reiterate that they deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.  In addition, to the extent that Paragraph 74 alleges that Defendants violated ERISA, this Paragraph contains a legal conclusion to which no response is required; however, the extent a response is required Defendants reiterate that they deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75, and specifically deny that Plaintiff is entitled to any relief whatsoever.

## AS TO ABUSE OF RIGHT (AND ESTOPPEL)

76. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 75 of Plaintiff's Complaint, as if fully set forth herein.

77. Defendants deny the allegations in Paragraph 77. In addition, to the extent that Paragraph 77 alleges that any contracts or provisions entered into between Plaintiff and Defendants are void against public policy, this Paragraph contains a legal conclusion to which no response is required; however, the extent a response is required Defendants reiterate that they deny the allegations in Paragraph 77.

78. Paragraph 78 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 78. In addition, Defendants specifically deny that Plaintiff is entitled to any relief whatsoever.

79. Paragraph 79 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 79. In addition, Defendants specifically deny that Plaintiff is entitled to any relief whatsoever.

## AS TO BREACH OF CONTRACT

80. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 79 of Plaintiff's Complaint, as if fully set forth herein.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants admit that in every contract there exists an implied covenant of good faith and fair dealing. Defendants otherwise deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84.    Paragraph 84 contains a legal conclusion to which no response is required; however, to the extent a response is required Defendants deny the allegations in Paragraph 84.

85.    Defendants deny the allegations in Paragraph 85, and specifically deny that Plaintiff is entitled to any relief whatsoever.

## AS TO JURY DEMAND

86.    Defendants oppose Plaintiff's request for a trial by jury.

## AS TO PRAYER FOR RELIEF

In response to the "WHEREFORE" clause on pages 18 and 19 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever.

Defendants deny each and every allegation of the Complaint not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### SECOND DEFENSE

Plaintiff lacks standing to bring her claims.

### THIRD DEFENSE

Plaintiff's claims for Abuse of Right (and Estoppel) and Breach of Contract are preempted by ERISA.

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings

or otherwise in this case and hereby reserve the right to amend their Answer to assert any such

defense.

Respectfully submitted,

s/ Jeffrey G. Huvelle
Jeffrey G. Huvelle (#227769)
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
202-662-5526
202-778-5526 (Facsimile)
Attorneys for Defendants
Pharmaceutical Research and Manufacturers of
    America, Pharmaceutical Research and
    Manufacturers of America Retirement Plan,
    Pharmaceutical Research and Manufacturers of
    America Deferred Savings Plan, Pharmaceutical
    Research and Manufacturers of America Retirement
    Committee

July 18, 2005