UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL ACTION

BARBARA J. WALKER                                    )
   311 Prince Street                             )
   Alexandria, Virginia 22314,                   )
                                )
     Plaintiff,                               )
                                )
     v.                                       )   Civil Action No. 1:04-cv-01991-RMU
                                )
PHARMACEUTICAL RESEARCH AND                          )
MANUFACTURERS OF AMERICA,                            )
   a Delaware Corporation                        )
      1100 15th Street, NW                    )
      Washington, DC 20005,                   )
Serve:                                               )
      The Corporation Trust Company           )
      The Corporation Trust Center            )
      1209 Orange Street                      )
      Wilmington, DE 19801                    )
                                )
and                                                  )
                                )
PHARMACEUTICAL RESEARCH AND                          )
MANUFACTURERS OF AMERICA                             )
RETIREMENT PLAN                                      )
      c/o Retirement Committee                )
      Pharmaceutical Research and             )
      Manufacturers of America                )
      1100 15th Street, NW                    )
      Washington, DC 20005                    )
                                )
and                                                  )
                                )
PHARMACEUTICAL RESEARCH AND                          )
MANUFACTURERS OF AMERICA                             )
DEFERRED SAVINGS PLAN                                )
      c/o Retirement Committee                )
      Pharmaceutical Research and             )
      Manufacturers of America                )
      1100 15th Street, NW                    )
      Washington, DC 20005                    )

and                                                        )
                                                           )
                                                           )
PHARMACEUTICAL RESEARCH AND                                )
MANUFACTURERS OF AMERICA                                   )
RETIREMENT COMMITTEE                                       )
     c/o Accounting Department                      )
     Pharmaceutical Research and                    )
      Manufacturers of America                     )
     1100 15th Street, NW                           )
     Washington, D.C.  20005                        )
                                                           )
and                                                        )
                                                           )
NEW YORK LIFE INSURANCE                                    )
COMPANY                                                    )
     51 Madison Avenue                              )
     New York, New York 10010                       )
as Plan Administrator of the                               )
  Pharmaceutical Research and                              )
  Manufacturers of America                                 )
  Retirement Plan                                          )
                                                           )
     serve: CT Corporation                          )
           1015 15th Street, NW                 )
           10th Floor                           )
           Washington, DC 20005                 )
                                                           )
and                                                        )
                                                           )
NEW YORK LIFE INVESTMENT                                   )
MANAGEMENT, INC.                                           )
  (Retirement Services)                                    )
  as Plan Administrator of the                             )
  Pharmaceutical Research and                              )
  Manufacturers of America                                 )
  Retirement Plan                                          )
                                                           )
     Serve: CT Corporation                          )
           111 8th Avenue                       )
           New York, NY 10011                   )
           212-894-8940                         )

2

The Board of Directors of the )
Pharmaceutical Research and )
Manufacturers of America )
**)**
 **and** )
 **Members of the Board of Directors of** )
 **Pharmaceutical Research and** )
 **Manufacturers of America, including:** )
)
Miles D. White )
Abbott Laboratories )
100 Abbott Park Road )
Abbott Park, IL 60064, )
       Director, )
)
Robert Essner )
Wyeth )
Five Giralda Farms )
Madison, NJ 07940 )
       Director, )
)
Ginger L. Graham )
Amylin Pharmaceuticals, Inc. )
9360 Towne Center Drive )
Suite 110 )
San Diego, California 92121 )
       Director, )
)
Robert A. Ingram )
GlaxoSmithKline )
Five Moore Drive )
Research Triangle Park, NC 27705 )
       Director, )
)
Mark J. Levin )
Millenium Pharmaceuticals )
75 Sydney Street )
Cambridge, MA  02139 )
       Director, )
)
Timothy J. Barberich )
Sepracor Inc. )
84 Waterford Drive )

3

Marlborough, MA 01752                        )
     Director,                              )
                                           )
David E.I. Pyott                             )
Allergan Inc.                                )
2525 Dupont Drive                            )
Irvine, CA 92612                             )
     Director,                              )
                                           )
Karen Katen                                  )
Pfizer Global Pharmaceuticals                )
  Group                                      )
235 East 42nd Street                         )
New York, NY 10017                           )
     Director,                              )

Michael Novinski                             )
Organon USA, Inc.                            )
56 Livingston Avenue                         )
Roseland, NJ 07068                           )
     Director,                              )
                                           )
Raymond Gilmartin                            )
Merck & Co., Inc.                            )
One Merck Drive                              )
P.O. Box 100                                 )
Whitehouse Station, NJ 08889                 )
     Director,                              )
                                           )
Fred Hassan                                  )
Schering-Plough Corporation                  )
2000 Galloping Hill Road                     )
Kenilworth, NJ   07033                       )
     Director,                              )
                                           )
Sidney Taurel                                )
Eli Lilly & Company                          )
Lilly Corporate Center                       )
Indianapolis, IN 46285                       )
     Director,                              )
                                           )
George B. Abercrombie                        )
President and Chief Executive Officer        )

Hoffmann-LaRoche, Inc.                                )
340 Kingsland Street                                  )
Nutley, NJ  07110                                     )
     Director,                )
                                                      )
Ernesto Bertarelli                                    )
Chief Executive Officer                               )
Serono International, S.A.                             )
100 Longwater Circle                                  )
Norwell, MA 02061                                     )
     Director,                )
                                                      )
David R. Brennan                                      )
President and Chief Executive Officer                 )
AstraZeneca, L.P.                                     )
1800 Concord Pike                                     )
P.O. Box 15437                                        )
Wilmington, DE 15850                                  )
     Director,                )
                                                      )
J. Martin Carroll                                     )
President & Chief Operating Officer                   )
Boehringer Ingeheim Pharmaceuticals, Inc.            )
900 Ridgebury Road                                    )
Ridgefield, CT 06877                                  )
     Director,                )
                                                      )
Mark A. Collar                                        )
President                                             )
Procter & Gamble Pharmaceuticals, Inc.               )
Health Care Research Center                           )
8700 Mason-Montgomery Road                            )
Mason, OH 45040                                       )
     Director,                )
                                                      )
Paulo Costa                                           )
President & Chief Executive Officer                   )
Novartis Pharmaceuticals Corporation                 )
1 Health Plaza                                        )
East Hanover, NJ 07936                                )
     Director,                )
                                                      )
Peter Dolan                                           )

Chairman and Chief Executive Officer )
Bristol-Myers-Squibb Company )
345 Park Avenue )
New York, NY 10154-0037 )
     Director, )
 )
Colin J. Foster )
President & Chief Executive Officer )
Bayer Pharmaceutical Corporation & )
  Regional Head- North America )
400 Morgan Lane )
West Haven, CT 06516 )
     Director, )
 )
 Michael Friedman )
President and Chief Executive Officer )
Purdue Pharma, LP )
One Stamford Forum )
Stamford, CT 06901 )
     Director, )
 )
Hideo Fukumoto )
Chairman and Chief Executive Officer )
Fujisawa Healthcare, Inc. )
Three Parkway North )
Deerfield, IL 60015 )
     Director, )
 )
 )
John W. Jackson )
Chairman and Chief Executive Officer )
Celgene Corporation )
86 Morris Avenue )
Summit, NJ 07901 )
     Director, )
 )
Barry A. Labinger )
Division Vice President )
3M Pharmaceuticals )
3M Center )
Building 275-3W-01 )
St. Paul MN 55144 )
     Director, )

6

```
                                                    )
Lutz Lingnau                                        )
President and Chief Executive Officer               )
Schering Berlin USA, Inc.                           )
110 East Hanover Avenue                             )
Cedar Knolls, NJ 07927-0567                         )
        Director,                                   )
                                                    )
Richard J. Markham                                  )
Partner                                             )
Care Capital LLC                                    )
47 Hullfish St.                                     )
Suite 310                                           )
Princeton, NJ 08542                                 )
        Director,                                   )
                                                    )
Daniel L. Peters                                    )
President                                           )
Medical Diagnostics                                 )
Amersham Health, Inc.                               )
Amersham Place                                      )
Little Chalfont                                     )
Buckinghamshire                                     )
HP7 9NA                                             )
United Kingdom                                      )
        Director,                                   )
                                                    )
William H. Rastetter, Ph.D.                         )
Executive Chairman                                  )
Biogen Idec, Inc.                                   )
14 Cambridge Center                                 )
Cambridge, MA 02142                                 )
        Director,                                   )
                                                    )
Timothy G. Rothwell                                 )
President & Chief Executive Officer                 )
North America                                       )
Sanofi-Synthelabo, Inc.                             )
90 Park Avenue                                      )
New York, NY 10016                                  )
        Director,                                   )
                                                    )
Kevin W. Sharer                                     )
```

7

Chairman and Chief Executive Officer              )
Amgen, Inc.                                        )
One Amgen Center Drive                             )
Thousand Oaks, CA 91320                            )
      Director,                                      )
                                                   )
 Harold H. Shlevin, Ph.D.                         )
President & Chief Executive Officer                )
Solvay Pharmaceuticals, Inc.                       )
Unimed Pharmaceuticals, Inc.                       )
901 Sawyer Road                                    )
Marietta, GA 30062                                 )
      Director,                                      )
                                                   )
 Martin Soeters                                    )
President                                          )
Nova Nordisk Pharmaceuticals                       )
100 College Road West                              )
Princeton, NJ 08540                                )
      Director,                                      )
                                                   )
 Henri A. Termeer,                                 )
Chairman and Chief Executive Officer              )
Genzyme, Inc.                                      )
500 Kendall Street                                 )
Cambridge, MA 02142                                )
      Director,                                      )
                                                   )
Timothy C. Tyson                                   )
President and Chief Executive Officer             )
Valeant Pharmaceuticals International              )
ICN Plaza                                          )
3300 Hyland Avenue                                 )
Costa Mesa, CA 92626                               )
      Director,                                      )
                                                   )
Klaus R. Veitinger, M.D.                           )
Chief Executive Officer                            )
SCHWARZ PHARMA, Inc.                               )
6140 West Executive Drive                          )
Mequon, WI 53092                                   )
      Director,                                      )
                                                   )

8

William C. Weldon                                        )
Chairman and Chief Executive Officer                     )
Johnson & Johnson                                        )
William One Johnson & Johnson Plaza                      )
New Brunswick, N.J.  08933                               )
                                                         )
**and**                                                  )
**Former members of the Board of Directors**             )
**of Pharmaceutical Research and**                       )
**Manufacturers of America, including:**                 )
                                                         )
Richard U. DeSchutter                                    )
Incyte Corporation                                       )
Building E336, Experimental Station                      )
Rte. 141 and Henry Clay Road                             )
Wilmington, DE 19880                                     )
                                                         )
                                                         )
M.. James Dougherty                                      )
Group Vice President                                     )
McGraw-Hill Healthcare Information Group                 )
4530 West 77th Street                                    )
Suite 350                                                )
Edina, MN 55435                                          )
                                                         )
David R. Ebsworth, Ph.D.                                 )
Chairman, Supervisory Board                              )
Wilex AG                                                 )
Maximilian Strasse 14                                    )
80539 Munich, GERMANY                                    )
                                                         )
Soburo (Sam) Hamanaka                                    )
Director, Department of Americas                         )
International Division                                    )
Takeda Pharmaceutical Company, Ltd.                      )
1-1 Doshomachi 4-chrome                                  )
Chuo-ku Osaka, 541-0045 JAPAN                            )
                                                         )
Thomas B. Harrison                                       )
former Division Vice President                           )
3M Pharmaceuticals                                       )
3M Center Building 275-3W-01                             )
St. Paul, MN 55144                                       )

9

Alan Holmer                                              )
7714 Falstaff Court                                      )
McLean, VA 22102-2721                                    )
                                                         )
 Carl-Gustaf Johansson                                   )
former President & Chief Executive Officer               )
AstraZeneca, LP                                          )
1800 Concord Pike                                        )
P.O. Box 15437                                           )
Wilmington, DE 19850                                     )
                                                         )
Richard J. Kogan                                         )
    former Chairman & Chief Executive Officer            )
    Schering-Plough Corporation                          )
    Principal                                            )
    The Kogan Group, LLC)                                )
    present address unknown at this time                 )
                                                         )
 Arthur D. Levinson, Ph.D.                               )
Chairman and Chief Executive Officer                     )
Genentech, Inc.                                          )
1 DNA Way                                                )
South San Francisco, CA 94080-4990                       )
                                                         )
 Henry A. McKinnell, Jr., Ph.D                           )
Chairman and Chief Executive Officer                     )
Pfizer, Inc.                                             )
235 East 42nd Street                                )
New York, NY 10017                                       )
                                                         )
James C. Mullen                                          )
President & Chief Executive Officer                      )
Biogen Idec, Inc.                                        )
14 Cambridge Center                                      )
Cambridge, MA 02142                                      )
                                                         )
Kanichi Nakamura                                         )
        former President                                 )
c/o Sankyo Pharma, Inc.                                  )
Two Hilton Court                                         )
Parsippany, NJ 07054                                     )
                                                         )

10

David E. Robinson                                          )
Chairman, President & Chief Executive Officer )
Ligand Pharmaceuticals, Inc.                          )
10275 Science Center Drive                           )
San Diego, CA 92121                                     )
                                                                     )
 Hans M. Vemer, M.D., Ph.D.                        )
Senior Vice President                                     )
Global Medical Affairs                                   )
Schering-Plough Corporation                         )
2000 Galloping Hill Road                              )
Kenilworth, NJ 07033,                                  )
                                                                     )
James L. Vincent                                          )
7 Audubon Road                                           )
Weston, MA 02193                                       )
                                                                     )
Robert N. Wilson                                         )
   Former Senior Vice President                     )
Chairman of the Board                                 )
Johnson & Johnson.                                     )
   present address unknown                          )
                                                                     )
and others not now known to plaintiff            )
                                                                     )
   **And, members of the Retirement**            )
   **Committee of the Pharmaceutical**         )
   **Research and Manufacturers of**             )
   **America, including:**                               )
                                                                     )
Alan Holmer                                               )
7714 Falstaff Court                                      )
McLean, Virginia 22102                               )
                                                                     )
Del Persinger                                              )
1831 Kalorama Road, N.W.                           )
Washington, D.C.  20009                             )
                                                                     )
Russel Bantham                                          )
7615 Swinks Court                                       )
 McLean, Virginia 22102                              )
                                                                     )
Shannon Herzfeld                                        )

11

| | |
|---|---|
| 1531 Live Oak Drive | ) |
| Silver Spring, Maryland 20190 | ) |
| | ) |
| Kurt Malmgren | ) |
| Pharmaceutical Research and | ) |
| Manufacturers of America | ) |
| 1100 15th Street, N.W. | ) |
| Washington, D.C.  20005 | ) |
| | ) |
| John T. Kelly, M.D., Ph.D. | ) |
| Chief Health and Medical Officer | ) |
| Union Pacific Corporation | ) |
| 1400 Douglas Street | ) |
| 19th Floor | ) |
| Omaha, Nebraska  68179, | ) |
| | ) |
| and others not now known to Plaintiff | ) |
| | ) |
| **Defendants.** | **)** |

# FIRST AMENDED COMPLAINT

### FOR DECLARATORY, INJUNCTIVE, EQUITABLE, STATUTORY AND GENERAL RELIEF

## Introduction

1.   This is an action brought on behalf of Barbara J. Walker,  who was employed by

Pharmaceutical Research and Manufacturers of America and was  wrongfully denied employee

pension and welfare benefits because she was erroneously classified as an independent contractor.

## Jurisdiction

2.   Jurisdiction is conferred upon this court by 28 U.S.C.  § 1331, as Plaintiff's case

arises under Federal Law, specifically the Employee Retirement Income Security Act ("ERISA"),

26 U.S.C. §§ 1001, *et seq.,* and the Internal Revenue Code, 26 U.S.C. §§ 401, 410, 414, 423, and 26 C.F.R. §§ 1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, and 31.3401(c)-1.

**Venue**

3.     Venue is appropriate in this District pursuant to 28 U.S.C. §1391 and 26 U.S.C. §1132(e)(2), as the defendant, Pharmaceutical Research and Manufacturers of America ("PhRMA"), resides in this Judicial District, with its principal place of business being located at 1100 15th Street, N.W., Washington, DC 20005 ; in addition, Plaintiff believes and alleges that the PhRMA employee pension and welfare benefit plans at issue are administered by the PhRMA Retirement Committee in the Washington, DC offices of PhRMA, and, accordingly, a substantial part of the conduct giving rise to this Complaint occurred in this Judicial District.

**The Parties**

4. Plaintiff, Barbara J. Walker, is a natural person, over the full age of majority, currently domiciled and residing in the Commonwealth of Virginia.

5.   Defendant Pharmaceutical Research and Manufacturers of America is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located within the District of Columbia, at 1100 15th Street, N.W., Washington, D.C. 20005,  which has, upon information and belief, by and through its Board of Directors, adopted the Retirement Plan, the Deferred Savings Plan and other employee benefit plans of PhRMA., with PhRMA's full approval and consent,

6.      PhRMA's members are many of the country's research-based pharmaceutical and biotechnology companies involved in the development and manufacture of medicines sold at wholesale and generally by prescription at retail to the consuming public.

7.     On information and belief, PhRMA represents the manufacturers of approximately 75% of the brand name prescription drugs sold in America.

8.     PhRMA serves as a policy advocate for its members by representing its members' interests in matters before Congress, the Executive Branch, state regulatory agencies and legislatures, and the courts.

9.     In order to carry out its mission, PhRMA employs employees in both its Washington, D.C. office and elsewhere and is an Employer within the meaning of that term as it is defined in ERISA.

10.     The Pharmaceutical Research and Manufacturers of America Retirement Plan is an employee pension plan, as defined by ERISA, 29 U.S.C. §1002(2), sponsored by PhRMA for the benefit of its employees.  Under the terms of the PhRMA Retirement Plan, the Board of Directors of PhRMA has discretion to appoint, remove and replace the members of the Retirement Committee which is deemed the "Named Fiduciary" under the Plan.

11.     The Pharmaceutical Research and Manufacturers of America Deferred Savings Plan**,** which, upon information and belief, is an employee pension plan, as defined by ERISA, 29 U.S.C. §  1002(2), sponsored by PhRMA for the benefit of its employees and those of its affiliates and subsidiaries;

12.     The Retirement Committee of the Board of Directors of Pharmaceutical Research and Manufacturers of America ("Retirement Committee") at all times pertinent and material hereto, served as the Plan Administrator for the various PhRMA pension and welfare benefit plans including the Retirement Plan and the Deferred Savings Plan named above, and a fiduciary under ERISA, 29 U.S.C. §1002(21)(A); Under the terms of the PhRMA Retirement Plan, the members

14

of the Retirement Committee are required to keep written records of its activities.  Under the terms of the PhRMA Retirement Plan, the Retirement Committee has full power and control of the administration of the Retirement Plan.  Under the terms of the PhRMA Retirement Plan, among other things,  the Retirement Committee has the duty to interpret the Plan, calculate Plan benefits, and review and decide claims for Plan benefits.

12 (a).   New York Life Insurance Company and its subsidiary, New York Life Investment Management Inc. at all times pertinent to this complaint were delegated and undertook the duty of performing many of the duties of the Plan Administrator of the various PhRMA pension and welfare benefit plans, including the PhRMA Retirement Plan and the Deferred Savings Plan and were fiduciaries under ERISA, 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2509.75-8.

12 b. Alan F. Holmer, Del Persinger, , Russel Bantham, Shannon Herzfeld, Kurt Malmgren, and Dr. John T. Kelly and others presently unknown to Plaintiff are or were at relevant times to this complaint members of the Retirement Committee of the Pharmaceutical Research and Manufacturers of America.

13.   All of the individually named defendants who are named because they are or were  a Director of PhRMA, Inc., or members of the Retirement Committee have served while Ms. Walker's lawful rights under the PhRMA Retirement Plan or the Deferred Savings Plan or both have been wrongly rejected and denied and therefore are liable to her individually as fiduciaries under ERISA, 29 U.S.C. §  1002(21)(A) and 29 C.F.R. §  2509.75-8;

14. The acts and omissions alleged in this Petition to have been committed and/or omitted by Defendants were authorized, ordered, committed and/or omitted by officers, directors, agents, employees, fiduciaries, administrators, trustees, representatives, co-conspirators, parent entities,

affiliates, and/or subsidiaries of PhRMA, while actively engaged in the administration,
management, direction or control of its affairs, including the above-named employee welfare
benefit and/or pension plans.

**Factual Background**

15.     As set forth more fully below, the Plaintiff was hired by Defendant PhRMA as a
full-time employee, and performed duties as an employee for Defendant PhRMA continuously or
with minor interruptions until 2002 when she was constructively discharged.

16.   Upon being employed by Defendant PhRMA, the Plaintiff was entitled, either
immediately or with the passage of time, to participate in employee welfare benefit plans
and/or employee pension plans sponsored by PhRMA.

17.   Plaintiff became a part-time employee of PhRMA on or about May 1988 and
continued to perform services for PhRMA until on or about June 2002.   Because of PhRMA's
policy against part-time professionals, Plaintiff and her supervisor entered into a written
agreement providing that Ms. Walker would be paid on an hourly basis.   In each month between
May 1988 and June 2002, Plaintiff performed at least one hour of services for PhRMA for which
she was entitled to be paid.   Plaintiff was not told during this time that she was in fact a common
law employee of PhRMA and that if she worked one hour during a month  she was entitled to
accrue pension benefit credit for an entire month of service under the terms of the PhRMA
Retirement Plan applicable to PhRMA employees.

18.   From December 1977 to May 1988 and from May 1988 to June 2002 Plaintiff was
supervised, instructed, and directed in her day-to-day employment by her supervisors at Defendant
PhRMA.

19. From December 1977 to May 1988 and from May 1988 June 2002 Plaintiff was provided with office space, equipment, and/or other tools by Defendant PhRMA.  At a certain time Plaintiff no longer had the full time use of an office at PhRMA headquarters but continued to have full time access to its offices as would any staff member.

20.  From December 1977 to May 1988 and from May 1988 to June 2002, Plaintiff was generally paid according to time worked, rather than by the job.

21.  At all times Plaintiff was performing work that was part of Defendant PhRMA's ordinary business.

22. Based upon her involuntary termination and classification as an independent contractor after May 1988, Plaintiff was denied pension and welfare benefits, including, but not limited to: participation in the Pharmaceutical Manufacturers Association ("PMA" – the predecessor of PhRMA) and later the PhRMA Retirement Plan, The PhRMA Deferred Savings Plan, and other benefits ordinarily provided to part time and full time employees of PhRMA.

23.  Plaintiff  believes and alleges that Defendants' actions to remove her from the PhRMA payroll were taken for the sole or predominant or partial purpose of interfering with Plaintiff's  attainment of rights to which she may have become entitled under the terms of the employee welfare benefit plans and pension plans, in direct violation of 29 U.S.C. § 1140 and other applicable laws; Plaintiff further believes and alleges that the Defendants breached their fiduciary duties to Plaintiff by failing to act properly in interpreting the Plans to determine whether employees were properly classified under the terms of the Plan(s), (which, upon information and belief, specifically incorporated Internal Revenue Code Section 414(n) with respect to the definition of  leased employees) , and by failing to examine whether workers

classified as independent contractors, temps  or leased employees  were, in fact, eligible

employees entitled  to participate in the Plans; Plaintiff brings this action in order to recover the

benefits wrongly denied to her, and to challenge the Defendants'  business practice of using

"independent contractors" as a subterfuge to avoid payment of employment benefits.

**BARBARA J. WALKER**

24.  Plaintiff, Barbara J. Walker, was in employed by PhRMA on or about December 12,

1977 as an attorney in the Office of General Counsel.

25.  As an employee of PhRMA, Ms. Walker  was and would become entitled to receive

employee benefits.

26. Approximately eleven years later,  Ms. Walker desired to become a part time employee

of PhRMA but was informed that Gerald Mossinghoff, then the president of PhRMA, did not

believe in employing part time professionals at PhRMA.

27.     Ms. Walker's supervisor, the General Counsel of PhRMA, desired to continue Ms.

Walker's employment by PhRMA and arranged for Ms. Walker to work part-time under a series

of contracts that provided that she would be paid by the hour for her work for PhRMA.

28. .From on or about May 1988 until approximately June 2002, Ms. Walker worked as an

attorney for PhRMA, in its Washington, DC office and elsewhere, using PhRMA equipment and

supplies, under the direction and supervision of PhRMA personnel.

29.     During the period from May 1988 through June 2002, Ms. Walker also performed

work for PhRMA as an attorney in an office in her home in Alexandria, Virginia using supplies

and equipment that included items purchased by PhRMA.

30.     During the time that Ms. Walker worked for PhRMA on a part-time basis, she never

18

met with, saw, spoke to, or corresponded with anyone who directed her work in connection with PhRMA business other than the General Counsel and other officers, directors, employees and agents of PhRMA, nor was she supervised or directed by anyone other than PhRMA on a day-to-day basis with respect to her work for PhRMA.

30. From time to time (generally monthly), Ms. Walker would submit timesheets and a monthly invoice to her supervisor at PhRMA.  The invoice included a timesheet showing hours worked on a daily or weekly basis.  All timesheets were approved by PhRMA and paychecks were issued by delivered by PhRMA.

employees.

31.  Defendants furnished Ms. Walker with an office, a desk, chairs, a computer, a telephone, and all other supplies and resources needed to complete work assignments as before.

32.   In addition, Defendant PhRMA furnished Ms. Walker with computer equipment and furniture for her home office and dispatched a PhRMA employee to set it up.

33.   Ms. Walker attended PhRMA classes, seminars, and workshops; in the same manner as she had prior to assuming her part-time schedule.

34.   All of Ms. Walker's work assignments for PhRMA were given by PhRMA personnel while she worked part-time.

35.   Ms. Walker's timesheets were approved by PhRMA personnel

36.   Ms. Walker's paychecks were paid by PhRMA..

39. Over the period from May 1988 to June 2002, Ms. Walker accumulated approximately 170 months of service for PhRMA as months of service are defined in the Retirement Plan which should be credited to her retirement plan benefits service calculation.

19

40.  Ms. Walker was, at all times, the common law employee of PhRMA, and, but for her erroneous re-classification by Defendants as an independent contractor, would have been and should have been entitled to employee benefits under PhRMA's Plans.

41. In addition, due to her classification by Defendants as an independent contractor, Ms. Walker was not provided with complete information about, nor access to, PhRMA's Plans.

42. Ms. Walker did not have any reason to question the lawfulness of PhRMA's practices in this regard until she was informed by an attorney on or about November 15, 2001 that she had been erroneously classified as an independent contractor and was probably entitled to pension benefits for the period of her part-time service to PhRMA.

43.. On November 15, 2001, an attorney acting on behalf of Barbara J. Walker wrote PhRMA and requested an accounting of the employment benefits to which she may be entitled and  also requested a copy of the PhRMA Retirement Plan.

44.. PhRMA responded that Ms. Walker was not entitled to any benefits beyond those earned while she was a full-time employee of PhRMA because she was no longer employed by PhRMA.

45.     Ms. Walker appealed the determination but she again was denied benefits and told that she had a right to appear with a representative personally before the Retirement Committee. She requested the opportunity for such an appearance with her counsel but was not afforded such an opportunity.   To the date of filing this amended complaint she has not been afforded that opportunity.

### Tolling of the Statute of Limitations

.46.   Defendants' fiduciary duties to Plaintiff under ERISA impose a continuing duty to

provide information and access to PhRMA's employee benefits programs; On information and

belief PhRMA and its Retirement Committee have delegated that responsibility to New York Life

Insurance Company and its subsidiary, New York Life Investment Management Inc.   Plaintiff has

not received on a regular basis the annual summary reports of the PhRMA Retirement Plan to

which she is entitled.   Defendants' failure to provide Plaintiff with those reports or the

information contained in those reports  is a continuous breach of its discretionary authority to

provide communication with plan participants regarding employee benefit plans , which renews

the running of any and all applicable statutes from day to day.

47. In addition, and in the alternative, Defendants have concealed the illegal nature of its

actions, which tolls the applicable statutes of limitations under accepted principles of equitable

estoppel.

48.   In addition, and in the alternative, Plaintiff believes and asserts that Defendants

fraudulently concealed from Plaintiff her true status as an employee of PhRMA entitled to

employee benefits including pension benefit accrual and that accordingly the statute of limitations

under ERISA is six years rather than three years.  The basis for her belief is contained in a

memorandum dated March 1994.  The memorandum dated March 18, 1994 to Vincent J. Klaus

from Roger Grayson at Foster Higgins, a consulting firm, mentions that the Dallas office of the

IRS announced that qualified plans that exclude part time employees may be doing so illegally.  In

context, it suggested that common law employees  needed to be credited with service under the

PhRMA Retirement Plan and Deferred Savings Plans under a Treasury regulation.

49.      In addition and in the alternative, Plaintiff believes and asserts that the statute of

limitations runs from Defendants' clear and unquivocal repudiation of rights under the pension

plan which has been made known to her.

50.    In addition and alternatively, Plaintiff believes and asserts that employment that results in benefits payable under pension benefits plans is similar to an installment contract, and, accordingly, every periodic payment that is less than the amount due Plaintiffs constitutes a continuing breach of contact, and the limitation period runs from the due date of each payment.

**Declaratory Relief**

51.     Plaintiff re-alleges the factual allegations in Paragraphs 1- 50,  as if separately set forth herein.

52.. There is an actual case and controversy between Plaintiff and Defendants.

53. Pursuant to 28 U.S.C. §2201, Plaintiff is entitled to a Judgment declaring that she was, and/or is, in fact, an employee  of PhRMA, under ERISA, 26 U.S.C. §§  1001, *et seq.,* the Internal Revenue Code, 26 U.S.C. §§  401, 410, 414, 423, 26 C.F.R. §§  1.410(b), 31.3121(d)-1,31.3121(d)-2, 31.3306(i)-1, 31.3401(c)-1, and well-established principles of employment and agency law.

54. In addition, Plaintiff is entitled to a Judgment declaring that she was and is entitled to participate in and accrue benefits in and earn employer contributions to PhRMA's Retirement Plan and/or Deferred Savings Plan on her behalf  from May 1988 through the end of her employment in June 2002.

55. In addition, Plaintiff respectfully prays for any and all further relief which may be appropriate under 28 U.S.C. §2202.

**Injunctive and Other Equitable Relief**

56. Plaintiff re-alleges the factual allegations of Paragraphs 1- 55, as if they were

separately set forth herein.

57. At all times material to the facts alleged in this Complaint, Plaintiff was, in fact, an employee of PhRMA, according to ERISA, 26 U.S.C. §§ 1001, *et seq.,* the Internal Revenue Code, 26 U.S.C. §§ 401, 410, 414, 423, 26 C.F.R. §§ 1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, 31.3401(c)-1, and well-established principles of employment and agency law.

58. Plaintiff is therefore entitled to participate in PhRMA's Retirement Plan and/or Deferred Savings Plan.

59. The Defendants' denial(s) of such benefits are unlawful, and have adversely impacted the Plaintiff and, on information and belief, others in similar circumstances, thereby making appropriate final injunctive relief with respect to Plaintiff.

60. Plaintiff, accordingly, prays for a permanent injunction prohibiting PhRMA from denying benefits to any and all persons who were and/or are, in fact, employees of PhRMA, according to ERISA, 26 U.S.C. §§ 1001, *et seq.,* the Internal Revenue Code, 26 U.S.C. §§ 401, 410, 414, 423, 26 C.F.R. §§ 1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, 31.3401(c)-1, and well as established principles of employment and agency law.

61. In addition, Plaintiff is entitled to associated equitable relief.

**Breach of Obligations Under ERISA**

62. Plaintiffs re-allege the factual allegations of Paragraphs 1- 61,b as if separately set forth herein..

63. Defendant PhRMA., and its Board of Directors, have the responsibility, under the PhRMA Retirement Plan, and, upon information and belief, under the other PhRMA Plans, to: (1) approve the Plan(s), and all amendments thereto, (2) appoint and retain named fiduciaries; (3)

periodically review the performance and condition of the Plan(s); and, (4) pay any and all retirement income to participants and beneficiaries who are entitled to payment under the terms of the Plans and ERISA.

64. Defendants, accordingly, have a fiduciary duty to act solely in the interests of the Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries. 29 U.S.C. §§ 1002(21)(A), 1104(a)(1)(A), and 1104(a)(1)(D).

65. To the extent that Defendant PhRMA. and its Board of Directors have delegated fiduciary and administrative duties to Defendant Retirement Committee and/or other persons, committees, subsidiaries, affiliates, or employees, Defendants PhRMA and its Board of Directors retain fiduciary responsibility to the Plans and to the participants and beneficiaries, since they are responsible for the selection and retention of plan fiduciaries, thereby exercising discretionary authority or discretionary control with respect to the management of such Plans, within the meaning of 29 U.S.C. §1002(21)(A) and 29 C.F.R. §2509.75-8, Q-D4.

66. In addition, Defendant PhRMA. and its Board of Directors have an ongoing responsibility, at reasonable intervals, to review the performance of the Plan Administrator in such manner as may be reasonably expected to insure that her performance has been in compliance with applicable statutory requirements and the terms of the Plan(s). 29 U.S.C. '1002(21)(A) and 29 C.F.R. § 2509.75-8, FR-17.

67. Defendant Retirement Committee has, at all times pertinent and material hereto, been designated as the Plan Administrator, within the meaning of ERISA §3(16)(A), and is therefore a fiduciary, pursuant to 29 U.S.C. §1002(21)(A).

68. Defendants, as fiduciaries, have a duty, under 29 U.S.C. §1104(a)(1)(D), to

24

communicate complete and accurate information regarding the rights and interests of participants

and beneficiaries, including a specific duty to provide information about available employment

benefits to all employees, pursuant to ERISA §§  101(a), 102(a)(1), 104(b)(1), 104(b)(3), and

105(c).

69. Defendants, as fiduciaries, have a duty to insure that the Plans receive all funds to

which they are entitled, so that the funds can be used on behalf of participants and beneficiaries;

this fiduciary duty is separate and distinct from the duty of the Plan Administrator to provide

benefits to participants and beneficiaries.

70. In addition, Defendants are prohibited from interfering with Plaintiff's  ability to

exercise her rights to employment benefits, pursuant to 29 U.S.C. §1140.

71. Defendants, however, failed to deliver plan documents and other material information

to Plaintiff, and, by erroneously classifying her as an independent contractor not only interfered

with Plaintiff's  ability to exercise her rights to employment benefits but also acted in the interests

of PhRMA and themselves rather than the interests of plan participants and beneficiaries, and, in

so doing, breached their fiduciary and other legal duties and obligations to its

employee pension and welfare benefit plans, plan participants, and plan beneficiaries.

72. Specifically, Defendants PhRMA, its Board of Directors, and its Plan

Administrator, its Retirement Committee and New York Life Insurance Company and New York

Life Investment Management Inc. have violated ERISA §§  404(a)(1)(A) and 404(a)(1)(D) by

failing to:

a. Identify all employees who were eligible to participate in the PhRMA

Plans;

25

       b. Ensure that all eligible employees were included as participants in the Plans;

       c. Examine whether workers who were classified as independent contractors  were eligible for participation in the Plans and so inform those who were eligible of their eligibility;

       d. Provide to workers who were mis-classified as independent contractors, temps, or leased employees  documents and  information required by the terms of the Plans; and/or,

       e. Provide to workers who were mis-classified as independent contractors, temps,  or leased employees  documents and  information required by ERISA §§ 101(a), 102(a)(1), 104(b)(1), 104(b)(3), and 105(c).

73. The Defendants' erroneous classification of Plaintiff as an independent contractor continued to interfere with the Plaintiff's  attainment of employment benefits throughout her employment with PhRMA from when she became a part time employee in May 1988, until Plaintiff was constructively discharged in or about June 2002.

74. On information and belief one or more of the Defendants, at some point within the past ten years, realized that the Retirement and Deferred Savings Plans did not exclude common law employees of PhRMA who had been mis-classified as independent contractors, and therefore the Plan(s) and/or summary descriptions or associated documents were amended to recognize such eligibility.

74a.  Defendants failed to provide the amendments to the Retirement and Deferred Savings Plan documents to Plaintiff regarding changes in eligibility requirements in a timely

manner  in violation of 29 U.S.C. §1140.

75. Plaintiff is therefore entitled to declaratory, injunctive, equitable, statutory, and other general relief, including the recovery of all benefits and accrued eligibility time to which she is entitled, as well as an award of litigation costs and reasonable attorney's  fees, pursuant to 29 U.S.C. §§  1109, 1132(a)(1)(B), 1132(a)(3), 1132(c), and 1132(g).

**Abuse of Right (and Estoppel)**

76.      Plaintiffs re-allege the factual allegations of 1- 75, as if they were separately set forth herein.

77. To the extent that PhRMA's employment contracts with Plaintiff, (either directly and/or indirectly), purport to classify Plaintiff as an independent contractor, temporary employee, a leased employee, and/or otherwise disavow the obligation on the part of Defendants to provide employee benefits, such contracts or provisions are void as against public policy. ERISA, 26 U.S.C. §§1001, *et seq.;* Internal Revenue Code, 26 U.S.C. §§  401, 410, 414, 423, and 26 C.F.R. §§  1.410(b), 31.3121(d)-1, 31.3121(d)-2, 31.3306(i)-1, and 31.3401(c)-1.

78. Defendant has, in this respect, abused the employment relationship between itself and Plaintiff, and is therefore liable to Plaintiff for the reasonable value of the employment benefits that were wrongfully withheld.

79.      Defendant, has, in this respect, abused the employment relationship between itself and Plaintiff, and is therefore liable to Plaintiff for the reasonable value of the employment benefits owed to Plaintiff in the future.

**Breach of Contract**

80.      Plaintiff realleges and incorporates paragraphs 1-79, as if separately set forthherein.

27

81.     Plaintiff had one or more employment contracts with Defendant PhRMA that included as part of the consideration the duty of PhRMA to provide Plaintiff with employee benefits commensurate with her status as an employee pursuant to the PhRMA employee handbook and the various laws of the United States and the District of Columbia applicable to the employment relationship.

82.     The employment contract included a duty of good faith and fair dealing.

83.     Defendant PhRMA failed to meet and concealed from Plaintiff its duty and obligation to provide her with benefits in accordance with her true status as a common law employee during the time when she was working for PhRMA as an attorney from May 1988 to June 2002.

84.     Defendant PhRMA breached its obligations to Plaintiff as her employer.

85.     Plaintiff suffered and will suffer monetary and other damages in an amount to be proven at trial, but which are not less than $3,000,000, including loss of benefits, emotional distress, costs of this litigation, costs of her retirement, loss of self esteem, loss of professional standing and pain and suffering.

### Jury Demand

86. Plaintiff requests a trial by jury on any and all issues that may be triable by jury.

### Prayer for Relief

**WHEREFORE**, Plaintiff Barbara J. Walker respectfully prays that this  Complaint be deemed good and sufficient, and that, after due proceedings be had,, there be Judgment herein in favor of Plaintiff, Barbara J. Walker, and against Defendants, PhRMA, The PhRMA Retirement Plan, The Deferred Savings Plan of PhRMA, The PhRMA Board of Directors, The PhRMA Retirement

Committee, New York Life Insurance Company, New York Life Investment Management Inc., and the other defendants: (i) declaring that Plaintiff, Barbara J. Walker, in fact, was an employee of PhRMA during the time period from May 1988 to June 2002; (ii) issuing a final and permanent injunction prohibiting Defendant from denying employment benefits to persons such as Plaintiff who were and are, in fact, employees, according to ERISA, the Internal Revenue Code, and established principles of employment and agency law; (iii) any and all equitable relief to which Plaintiff  may be entitled; (iv) employment benefits, (v) reasonable damages; (vi) statutory penalties, (vii) legal interest; (viii) the costs of these proceedings; (ix) reasonable attorney's  fees and expenses of litigation; and, (x) any and all other general, legal, or equitable relief which may be appropriate under the circumstances.

> Respectfully submitted,
>
> __/s/ **Pamela B. Stuart**____
> **PAMELA B. STUART**
> DC Bar no. 220-236
> 1750 N Street, NW
> Washington, DC 20036-2907
> Telephone: 202-835-2200
> Fax:    202-835-2202
> Email: pamstuart@aol.com
>
> **Attorney for Plaintiff,**
> **Barbara J. Walker**

Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing First Amended Complaint was served by first class mail with postage prepaid and by electronic mail this 28th day of July, 2005 on

29

Jeffrey Huvelle, Esq., Covington & Burling, 1201 Pennsylvania Avenue, N.W., Washington, DC

20004, and Marjorie Powell, Esq., Senior Associate General Counsel, Pharmaceutical Research

and Manufacturers of America, 1100 15th Street, NW, Washington, DC 20005, Washington, DC

20005,  counsel for the Defendants who have been served in this matter, Pharmaceutical Research

and Manufacturers of America, Pharmaceutical Research and Manufacturers of America

Retirement Plan, Pharmaceutical Research and Manufacturers of America Deferred Savings Plan,

Pharmaceutical Research and Manufacturers of America Retirement Committee.

_____/s/_____
PAMELA B. STUART
