**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| BARBARA J. WALKER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-1991 (RMU) |
| | : | | |
| v. | : | Document No.: | 98 |
| | : | | |
| PHARMACEUTICAL RESEARCH AND | : | | |
| MANUFACTURERS OF AMERICA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

## I. INTRODUCTION

After years of battling, the plaintiff requests that the court grant her leave to file a second amended complaint to clarify her claims, which stem from alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* The remaining defendants, current or former members of the board of directors of Pharmaceutical Research and Manufacturers of America[1] ("PhRMA") and members of the PhRMA retirement committee (collectively the "individual defendants"), as well as the New York Life Insurance Company ("NYLIC") and New York Life Investment Management, Inc. ("NYLIM") (collectively the "NYL defendants"), oppose the plaintiff's motion, viewing it as a futile attempt to expand the battlefield. Because the plaintiff's proposed second amended complaint does not add any claims not previously asserted in her first amended complaint, the court grants the plaintiff's motion.

---

[1] At the time the plaintiff began her employment with the defendant, the association was known as the Pharmaceutical Manufacturers Association ("PMA").

## II. BACKGROUND

### A. Factual Background

The plaintiff, an attorney, was a full-time employee of PhRMA in various professional capacities from 1977 to 1988. Mem. Op. (July 17, 2006) at 2. Following the birth of her second child in 1988, the plaintiff requested but was denied a part-time work arrangement because PhRMA's then-president "did not believe in part-time professionals." *Id.* Instead, PhRMA's General Counsel, Bruce Brennan, suggested that the plaintiff serve as an independent contractor. *Id.* The plaintiff accepted this arrangement and signed an independent contractor agreement on March 24, 1988.[2] *Id.* At the expiration of that agreement, the plaintiff and PhRMA signed identically worded agreements every year until 2001. *Id.* at 3. The final agreement, signed on September 12, 2001, notified the plaintiff that PhRMA did not intend to continue their relationship following the expiration of the agreement on June 30, 2002. *Id.*

The independent contractor agreements signed by the plaintiff each year stated that the plaintiff "shall be engaged as an independent contractor, not as an employee, and shall not be entitled to participate in any of [PhRMA's] employee benefit plans." *Id.* at 2-3. The plaintiff alleges that she signed the independent contractor agreements based on the belief that part-time employees, like independent contractors, were ineligible for employee benefits. *Id.* at 2. In other words, the plaintiff alleges that she "had no reason" to challenge her classification as an independent contractor rather than as a part-time employee because she believed the "terms and conditions of her employment" were the same as those of part-time employees. Pls.' Mot. to Alter or Amend J. at 5.

---

[2]     On March 28, 1988, the plaintiff submitted her resignation, effective April 17, 1988. PhRMA Defs.' Mot. for Summ. J. at 2. The independent contractor agreement became effective April 18, 1988. *Id.*

Sometime between 1991 and 1994, PhRMA reinterpreted its retirement plan to make part-time employees eligible for certain retirement benefits. *Id.* at 5. The plaintiff alleges that the defendants violated ERISA by failing to notify independent contractors of the changes affecting part-time employees and failing to provide plan documents. *Id.* at 5, 13, 16; Am. Compl. ¶ 71.

### B. Procedural Background

The plaintiff filed her original complaint on November 11, 2004, and she amended her complaint in August 2005. Although difficult to parse, the amended complaint appears to assert the following claims arising under ERISA[3]: (1) that the plaintiff is entitled to benefits under 29 U.S.C. § 1132(a)(1) ("ERISA § 502"); (2) that the defendants interfered with her right to retirement benefits by improperly classifying her as an independent contractor in violation of 29 U.S.C. § 1140 ("ERISA § 510"); and (3) that the defendants breached their fiduciary duties by either failing to notify the plaintiff that part-time employees were eligible to receive benefits or by classifying her as an independent contractor, rather than as a part-time employee, in violation of 29 U.S.C. § 1104 ("ERISA § 404").

The PhRMA defendants[4] moved for summary judgment in October 2005 on the grounds that the statute of limitations bars the plaintiff's ERISA claims and that ERISA preempts the plaintiff's common law claims. *See generally* PhRMA's Mot. for Summ. J. The court granted the PhRMA defendants' motion on July 17, 2006, determining that (1) the three-year statute of limitations bars the plaintiff's § 502 claim; (2) applying either a one-year or a three-year statute

---

[3] Because the plaintiff's complaint does not list her claims as separate counts, *see generally* Pl.'s Am. Compl., the court relies on the defendants' characterization of the claims, *see* Defs.' Mot. for Summ. J. at 3. The plaintiff has not disputed this characterization of her claims. *See generally* Pl.'s Mot. (referring to the ERISA § 502 and ERISA § 404 claims).

[4] These defendants include PhRMA, PhRMA Retirement Plan, PhRMA Savings Plan and PhRMA Committee. PhRMA Defs.' Mot. for Summ. J.

of limitation would bar the plaintiff's § 510 claim; (3) the statute of limitations bars the plaintiff's § 404 claim because the plaintiff had knowledge of the alleged breach or violation more than three years before she filed suit; and (4) ERISA preempts the plaintiff's D.C. common law claims. *See generally* Mem. Op. (July 17, 2006). The plaintiff then filed a motion to alter or amend judgment on July 31, 2006. But the court denied the plaintiff's motion, reaffirming the dismissal of each of the plaintiff's claims. Mem. Op. (Nov. 15, 2006).

The remaining defendants – the individual defendants and the NYL defendants – then filed motions to dismiss and for summary judgment. The plaintiff brings the same claims against these defendants that she brought against the PhRMA defendants. On August 7, 2008, the court issued a memorandum opinion clarifying that the reasoning rejecting the plaintiff's § 404 claim "applies equally to the claims against the remaining defendants to the extent that they rely on the misclassification of the plaintiff as an independent contractor or the withholding of information pertaining to part-time employees' eligibility status." Mem. Op. (Aug. 7, 2008) at 11-12. To the extent her § 404 claim alleges that the defendants failed to provide plan information, the court denied the New York Life defendants' motion for summary judgment because discovery was not yet complete and the record was insufficient to make a decision as a matter of law. *Id.* at 12-14. As to the individual defendants, the court granted in part their motion to dismiss claims arising prior to November 15, 1998, because the statute of limitations had run. *Id.* at 15.

Turning to the plaintiff's § 502 and § 510 claims, the court granted the defendants' motion to dismiss the claim under § 502(a)(1)(B) because neither the NYL defendants nor the individual defendants qualified as the "plan" or "plan administrator" within the meaning of that provision. *Id.* The court explicitly stated that the plaintiff's claims under § 502(a)(2) and (a)(3) "remain." *Id.* at 16. Notably, the court did not address whether the plaintiff made a claim under

4

§ 502(a)(1)(A). Finally, the court granted the defendants' motion to dismiss the plaintiff's § 510 claim for failing to establish a prima facie case. *Id.* at 16.

Three months later, the plaintiff filed a motion seeking leave to file an amended complaint. Both the New York Life defendants and the individual defendants filed oppositions to which the plaintiff separately replied. The court now addresses these submissions.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.[1] *Id.*; *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474. According to decisions of this circuit, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing FED. R. CIV. P. 15(a)). If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend

---

[1] A motion to amend a complaint to add a party may also implicate Federal Rules of Civil Procedure 20 and 21, the joinder rules. *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000). Once a responsive pleading has been served, however, the standard for adding a party is the same regardless of the rule under which the motion is made: the decision lies within the discretion of the court. *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994) (stating that "[i]t is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21"); *Oneida Indian Nation*, 199 F.R.D. at 72 (noting that "in practical terms there is little difference between [Rules 15, 20, and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion"); 6 FED. PRAC. & PROC. 2d § 1474 (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

the complaint as a matter of course with regard to those defendants that have yet to answer. 6 FED. PRAC. & PROC. 2d § 1481. Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *James*, 229 F.3d at 283; *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 FED. PRAC. 3d § 15.15[3]); *Willoughby v. Potomac*

*Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

### B.  The Court Grants the Plaintiff's Motion to File an Amended Complaint

Of the four proposed amendments to the plaintiff's complaint, the defendants only challenge one.[5]  In that amendment, the plaintiff proposes that she be awarded "civil penalties of $110 per day for plan documents to which she was entitled which were not provided to her," adding that this remedy is available under ERISA § 502(a)(1)(A) and 29 C.F.R. § 2575.502c-1. Pl.'s Mot., Ex. 1 ("2d Am. Compl.") ¶ 8.  The purpose of this amendment, the plaintiff asserts, is to "clarify" that the requested relief "includes the $110 per day civil penalty provided under § 502(c) and 29 CFR 2575.502c-1."  *Id.* at 2.  The defendants counter that the plaintiff's attempt to add a claim under § 502(c) is futile.  NYL Defs.' Opp'n at 2-3; Ind. Defs.' Opp'n at 1.

Although the court has stated on several occasions that the plaintiff's amended complaint is difficult to parse, the court cannot avoid its plain language which clearly alleges that she is "entitled to . . . statutory . . . relief . . . pursuant to 29 U.S.C. § 1132(c)"; that is, ERISA § 502(c). Am. Compl. ¶ 75.  Although the court has not previously addressed this particular claim,[6] the plaintiff grounds her reference to § 502 in factual allegations that the defendants "failed to deliver plan documents and other material information," *id.* ¶ 71, and, therefore, satisfies the liberal Rule 8(a) pleading standard by providing fair notice to the defendants, *Bell Atlantic Corp.*

---

[5]  The other three amendments to the complaint add: (1) a statement that the defendants have a fiduciary duty under ERISA § 103(a)(1), 2d Am. Comp. ¶ 2; (2) an allegation that the defendants failed to provide "Deferred Vested Participants" information required under the retirement plan and/or ERISA, *id.* ¶ 4; and (3) an accusation that the defendants' failure to provide information is ongoing, *id.* ¶ 6.  The individual defendants' contention that the plaintiff "seeks to amend her Prayer for Relief to include 'benefits and accrued eligibility time,'" Ind. Defs.' Opp'n at 2-3, is simply incorrect, Compl. ¶ 75 (seeking "recovery of all benefits and accrued eligibility time").

[6]  The plaintiff's § 502(c) claim may have slipped under the radar because the court has been relying on the defendants' characterization of the plaintiff's claims, and the plaintiff has not bickered with their characterization, until now.  The court also notes that the plaintiff has been proceeding *pro se* since 2006.

*v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (stating that "Rule 8's liberal pleading standard" charges courts "with construing the complaint 'so . . . as to do substantial justice'") (quoting FED. R. CIV. P. 8(f))); *Harrison v. Rubin*, 174 F.3d 249, 153 (D.C. Cir. 1999) (explaining that "[w]here an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion"); *Clark v. Feder Semo & Bard, P.C.*, 560 F. Supp. 2d 1, 4-5 (D.D.C. 2008) (concluding that the plaintiff's motion to amend "adequately clarified her legal theory" and, as such, there are no sufficient grounds for denying the motion).  Because the plaintiff's amended complaint states a claim under § 502(c), the defendants' futility argument is more appropriately lodged in a motion to dismiss.  The court, therefore, grants the plaintiff's motion to file a second amended complaint, clarifying – but not adding to – her claims.

### IV.  CONCLUSION

For the foregoing reasons the court grants the plaintiff's motion for leave to file an amended complaint.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of March, 2009.

                                              RICARDO M. URBINA
                                              United States District Judge