UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 04-01991 (RMU) |
| | ) |
| PHARMACEUTICAL RESEARCH AND | ) |
| MANUFACTURERS OF AMERICA *et al*, | ) |
| | ) |
| Defendants | |

## SECOND AMENDED COMPLAINT

### FOR DECLARATORY, INJUNCTIVE, EQUITABLE, STATUTORY AND GENERAL RELIEF

1. Plaintiff re-alleges the factual allegations of ¶¶ 1- 67 of her First Amended Complaint (Dkt. 86), as if separately set forth herein.

2. Plaintiff amends ¶ 68 of her First Amended Complaint by striking the entire paragraph and replacing it with the following:

    "68.  Defendants, as fiduciaries, have a duty, under ERISA  §404(a)(1)(D) to communicate complete and accurate information regarding the rights and interests of participants and beneficiaries, including a specific duty to provide information about available employment benefits to all employees, pursuant to ERISA §§ 101(a), 102(a), 103(a)(1), 104(b) and 105(c)."

3. Plaintiff re-alleges the factual allegations of ¶¶ 69 - 71 of her First Amended Complaint as if separately set forth herein.

4. Plaintiff amends ¶ 72 of her First Amended Complaint by adding the following subparagraphs:

1

"f.  Provide to workers who were Deferred Vested Participants under the Plans documents and information required by the terms of the Plans; and/or,

 g.  Provide to workers who were Deferred Vested Participants under the Plans documents and information required by ERISA §§101(a), 102(a)(1), 104(b), and 105."

5. Plaintiff re-alleges the factual allegations of ¶73 of her First Amended Complaint as if separately set forth herein.

6. Plaintiff adds a new ¶ 73a to read as follows:

"73a.  The Defendants' failure to provide documents and information required by ERISA §§101(a), 102(a)(1), 104(b), and 105 began when Plaintiff became a part-time employee in May 1988 and continues until the date of this Second Amended Complaint, November 10, 2008."

7. Plaintiff re-alleges the factual allegations of ¶ 74 – 74a of her First Amended Complaint as if separately set forth herein.

8. Plaintiff amends ¶ 75 of her First Amended Complaint by striking the entire Paragraph and replacing it with the following:

"Plaintiff is therefore entitled to declaratory, injunctive, equitable, statutory, and other general relief, including the recovery of benefits and accrued eligibility time to which she is entitled, civil penalties of $110 per day for plan documents to which she was entitled which were not provided to her, as well as an award of litigation costs and reasonable attorney's fees, pursuant to ERISA §§ 409, 502(a)(1)(A), 502(a)(1)(B), 502(a)(3), 502(c), and 502(g), and 29 CFR 2575.502c-1."

9. Plaintiff re-alleges the factual allegations of ¶¶ 76 - 86 of her First Amended Complaint as if separately set forth herein.

9. Plaintiff re-alleges her Prayer for Relief.

                                                           Respectfully submitted,

                                                           /s/ Barbara J. Walker
                                                           Barbara J. Walker, *Pro Se*
                                                           311 Prince Street
                                                           Alexandria, VA  22314
                                                           (703) 836-2841

November 10, 2008

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of plaintiff's Second Amended Complaint has been filed via the Court's CM/ECF system on November 10, 2008 and was thereby served on counsel for the individual defendants, the PhRMA defendants, and the NY Life defendants.

                                          /s/ Barbara J. Walker

                                            Barbara J. Walker